## M. L. EMERSON v. THE STATE.

### No. 2710.   Decided October 14, 1903.

**Keeping Saloon Open on Election Day.**
   When the testimony excludes any idea of sale or of appellant's opening or keeping open the saloon and the only possible way of sustaining the conviction is upon the theory that under all the circumstances he had tacitly consented to the taking and therefore had given away the beer, the facts must be sufficient to sustain the ultimate conclusion that consent was given.

Appeal from the County Court of Wood. Tried below before Hon. A. A. Snow, county judge.

Appeal from a conviction of opening and keeping open and the sale and giving away of intoxicating liquors in the town of Mineola on election day.

The opinion sets out the facts.

*W. B. Teagarden,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with opening, and keeping open, and the sale and giving away of intoxicating liquors in the town of Mineola on election day.

There are several matters presented for discussion, but as we view the record it is only necessary to decide one of these questions. The State's case is that on the day of the election, appellant, who was the barkeeper and in charge of the saloon during the absence of the owner, employed two negroes to clean up the saloon. As the saloon would be closed that day by virtue of the election, they took advantage of that fact. Appellant was lying down on a pool or billiard table when the parties who obtained the liquor entered. The door through which the parties entered opened upon a small hallway, and could not be entered from the outside except by means of a key, and parties passing out of the saloon and into the hallway could not re-enter if the door was closed behind them. One of the negroes had passed out of the door, and just as he did so two of the parties entered through the door into the saloon. Appellant, who was lying upon the table, as above stated, immediately ordered them out, stating that as it was election day he could not sell or give them anything to drink. One of them drew a glass of beer and the other took something else, and immediately passed out of the door and disappeared. As they passed out, the third party entered the saloon; and he was immediately ordered out by appellant. As he went out he secured a small bottle of beer and took it with him. The negro who had passed out of the door did so for the purpose of obtaining buckets of water to be used in washing up the floor and cleaning the saloon generally. Appellant testified that he did not give his consent to the taking of any of the intoxicants, and that he did not know they had gotten the same. This is the substance of the evidence. So it would seem that the testimony excludes any idea of sale or any idea of appellant's opening or keeping open the saloon; and the only possible way of sustaining the conviction is upon the theory that under all the circumstances detailed he had tacitly consented to the taking, and therefore had given away the beer. We do not believe this testimony is sufficient to show that he gave to the parties or that he consented to their taking the beer. It may be difficult sometimes to draw the exact line of the testimony or circumstances from which the consent might be inferred, and as a general rule it is a matter of fact to be ascertained by the jury; but the facts must be sufficient to sustain the ultimate conclusion that the consent was given. It was a case of circumstances from which the ultimate conclusion must be deduced. We find no positive fact that appellant gave his consent. We find from the State's case that the parties were informed that he could not sell or give them anything, and were ordered to get out of the saloon; that it had been closed for the purpose of cleaning, taking advantage of election day for that purpose, and that the parties must get out. The whole transaction seemed to have occupied but a moment of time, and the parties did disappear. Appellant denies positively any knowledge at the time that

the parties got the intoxicants, and the evidence for the State shows they took it under the peculiar circumstances stated. It is not even shown that from where he was lying on the table he could or did see those who obtained the intoxicants. We are not satisfied that this case should stand as a precedent under the facts. The judgment is reversed and the cause remanded.

*Reversed and remanded.*